**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ABDULLAH MOHAMMED** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-cv-350-DCB-BWR**

**RAFAEL VERGARA** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] of the United States Magistrate Judge entered herein on August 31, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that the Petition [ECF No. 1] be denied and dismissed without prejudice because Abdullah Mohammed ("Petitioner")'s pre-removal statutory claims are moot, and Petitioner's post-removal-period detention claims are premature under 8 U.S.C. § 1231(A) and the framework set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of September 14, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary

to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1], the Response [ECF No. 7], the relevant law, and the related filings. The Court observes, as stated above, that Petitioner did not file objections to the Report. Having considered the Report of Judge rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Petitioner's claims challenging pre-removal detention under § 1225(b)(1) are now moot pursuant to his removal order becoming administratively final on May 27, 2026. The Court agrees. See Vetcher v. Barr, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order...[and] [t]he authority for his detention then shifted to 8 U.S.C. § 1231") (internal citations omitted); See also Agyei-Kodie v. Holder, 418 F.App's 317, 318 (5th Cir. 2011) (holding the removal order became final when the [BIA] dismissed the appeal and "[c]onsequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.").

Judge Rath further determined in his Report that any post-removal detention challenges are premature under the framework set forth in Zadvydas because the six-month-presumptive period has not

expired. The Court agrees. See Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2026)("Zadvydas thus created a '6-month presumption' of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention.")(emphasis added); see also Agyei-Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011) (holding that Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in Zadvydas. . . [c]onsequently, any challenge to his . . . post-removal-order detention is premature.").

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. As such, Abdullah Mohammed's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 23 day of September, 2026.

/s/ David C. Bramlette
David C. Bramlette III
United States District Court